## J. P. Demmitt, Sheriff, v. George Garnier.

### (No. 3191.)

Remedy, where property in the hands of a constable by virtue of a distress warrant is taken by sheriff under other process.

Opinion by Walker, J.

This suit was brought June 17, 1875, by the appellee against the appellant to enjoin the sale by him, as sheriff, of one pair of counter-scales, twelve candy jars and one show-case, and also for damages for their illegal seizure, alleging that said property was subject to his lien, as landlord, for rent due him by one Lubens, whose property the same were when thus seized by the defendant, as sheriff, to satisfy a certain judgment against said Lubens in favor of a third party creditor, the execution issued upon said judgment being the authority under which said sheriff acted in levying upon the goods in question.

The plaintiff alleged the insolvency of Lubens and that he was remediless to collect his rent of $25 unless the property referred to was subjected to the payment of said rent. Defendant demurred to plaintiff's petition, which was overruled and cause tried by the judge, and judgment for plaintiff perpetuating the injunction which had been granted to restrain the sale, and adjudging that defendant deliver the property referred to, to the constable, in whose hands was a distress warrant issued by a justice in favor of plaintiff against Lubens, which had been issued to secure said rent, shortly after the defendant, as sheriff, had levied upon and

taken possession of said property, together with other articles levied upon in the business house of said Lubens, as his property. Defendant appealed, and assigns as error the overruling of his demurrer to the petition and the rendition of judgment for the plaintiff, because there is no lien, under any law, in favor of any one for rent, except upon products of a farm and stock thereon.

Opinion.— "It is always a sufficient objection to the granting of an injunction that the party aggrieved has a full and adequate remedy at law, and it is a well-established rule that courts of equity will not lend their aid for the protection of rights or the prevention of wrongs where the ordinary legal tribunals are capable of affording sufficient redress; and where it does not appear that the remedy at law is inadequate, or that the party aggrieved is entitled to more speedy relief than can be obtained by the ordinary process of courts of law, an injunction will be refused." High on Injunctions, sec. 28, and authorities cited. The case which the plaintiff makes in his petition for injunction is that of a forcible and unwarranted trespass by the defendant in seizing, without process and without authority of any kind, the property which the plaintiff had caused to be seized by distress warrant, and that he fears he will lose his debt if the defendant is allowed to sell said property. These facts are not sufficient to entitle plaintiff to the relief sought.

The plaintiff's petition does not allege that he, as landlord of Lubens, held or was entitled to claim a landlord's lien upon the articles of property which he alleges had been seized by his distress warrant.

The petition evidently means to convey the idea, by implication at least, that the constable had seized by his distress warrant before the sheriff (defendant) had taken possession of the same.

The facts shown on the trial are quite different from that state of facts; but taking the facts as stated in the petition

as true, it will not be assumed, in the absence of an averment to that effect, that the plaintiff was entitled to a landlord's lien upon the property. The property may have been the property of Lubens, subject to the writ under which it was seized by the constable, to which, nevertheless, the landlord's lien may not have attached.

In such case, under the facts stated, the remedy would have been for damages against the sheriff or for the recovery of the specific property itself in the hands of the sheriff; to maintain either of which the law afforded ample and sufficient remedies without recourse to the interposition of equitable remedies. The defendant is not alleged to be insolvent or unable to respond in damages, and in respect to the suit for the property itself in his hands, the law afforded him the aid of statutory remedy and process of sequestration.

We conclude, therefore, that the first ground assigned as error was well taken and demurrer ought to have been sustained. Also the second ground of error was well taken, and that the plaintiff was not entitled to the judgment which was rendered in his favor.

REVERSED AND REMANDED.